GERMER STOVE CO. v. TWENTIETH CENTURY HEATING & VENTILATING CO.

SAME v. CLERKIN et al.

(Circuit Court, N. D. Ohio, E. D. July 5, 1907.)

Nos. 6,531, 6,630.

PATENTS—SUIT FOR INFRINGEMENT—LACHES.

Defendants obtained a patent and entered into an arrangement with complainants by which the latter, as well as defendants, manufactured under it for several years, and then complainants purchased a prior patent for a similar article. After the lapse of two years more, and within less than a year prior to the expiration of their patent, complainants brought suit against defendants for infringement. *Held* that, the delay having been with full knowledge of defendants' device, they were barred by laches from maintaining such suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 467-469.

Laches as a defense in suits for infringement, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

In Equity.

Hugh C. Lord, for complainant.
Owen & Owen and Wilber A. Owen, for defendants.

TAYLER, District Judge. These two suits, considered together, are based upon patent No. 358,545, bearing date March 1, 1887, and issued to Ezekiel C. Condit. The first case is brought against the corporation, which succeeded the partnership composed of Clerkin & Maag, defendants in the second case. There is an identity of issue, and the cases will therefore be considered and disposed of together.

The patent in suit relates to improvements in linings for furnaces and stoves, and expired March 1, 1904, some nine months after the beginning of the first action and about one month after the beginning of the second action. The patent was passed upon in the case of Germer Stove Company v. Art Stove Company, decided by the Circuit Court of Appeals for this Circuit January 8, 1907, and reported in 150 Fed. 141, 80 C. C. A. 9. In the view that I take as to the rights of the parties to this litigation, it is not necessary that I should pass upon the validity of the patent. It is clear that, if it were important, the patent ought to be held valid. The effect of the decision of the Circuit Court of Appeals in the case just referred to was to hold that the device of

the defendant in that case did not infringe the Condit patent. The court said, on page 144 of 150 Fed., page 12 of 80 C. C. A.:

"It is plain that Condit's patent cannot be sustained, unless we limit him to air cells closed at the top and having narrow slit openings into the fire chamber."

Whether or not the patent would be sustained if thus limited was not a question necessary to the decision in the case. However that may be, I think this case comes clearly within the rule laid down by the Circuit Court of Appeals in the case of Woodmanse & Hewitt Manufacturing Company v. Williams et al., 68 Fed. 489, 15 C. C. A. 520, where the court says:

"Reasonable diligence, as well as good faith, are necessary to call into operation the powers of a court of equity. One who invokes the protection of equity must be 'prompt, eager, and ready' in the enforcement of his rights. Equity will not encourage a suitor who has long slept over his rights. It was well observed by Judge Coxe, in Kittle v. Hall (C. C.) 29 Fed. 511, that 'time passes, memory fails, witnesses die, proof is lost, and the rights of individuals and of the public intervene. Long acquiescence and laches can only be excused by proof showing excusable ignorance, or positive inability to proceed on the part of the complainant, or that he is the victim of fraud or concealment on the part of others.' He adds 'that the court will not entertain a case when it appears that the complainant, or those to whose rights he has succeeded, have acquiesced for a long term of years in the infringement of the exclusive right conferred by the patent, or have delayed, without legal excuse, the prosecution of those who have openly violated it.' "

To the same effect are Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526, and McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828.

The facts in this case show that on December 4, 1894, George Maag, one of the defendants, was granted a patent for a furnace containing a fire box or fire pot similar to, if not identical with, the fire pot which, it is claimed, infringes the Condit patent. In 1896 an arrangement was made with Black & Germer, the predecessors of Germer Stove Company, whereby the complainants were to make stoves and the defendants furnaces of the design patented by Maag. This arrangement continued for some years, and in February, 1901, the complainants, having heard of the Condit patent, acquired it. A year or more after that they proposed to grant to the defendants, at a nominal price, the right to use the Condit patent, and on the 28th of May, 1903, when the patent had less than a year to run, brought this action. Under these circumstances, which I have stated in the form most favorable to the complainants, I think the rule expressed by Judge Lurton in the case in 68 Fed. 489, 15 C. C. A. 520, and by Chief Justice Fuller in the case in 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526, finds a happy opportunity for enforcement. Considering the relations of the parties, the fact that the complainants were first introduced to this method of making fire pots by the defendants, that they continued to make them for some years, that they then proceeded on their own account to acquire what they conceived to be, and what they now claim to be, a controlling patent, and that then they permitted the defendants, without

:taking any legal steps, to use the device for more than two years, and almost up to the date of expiration of the patent, I think it would be against conscience to sustain the claim they now make.

. The bills in both cases will be dismissed.